UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **JUSTIN D. GUERRIERO** | * | **CIVIL ACTION NO. 09-1846** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY** | * | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM RULING

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand [doc. # 4] filed by plaintiff, Justin D. Guerriero. The motion is opposed. For reasons stated below, the motion to remand is **DENIED**.[1]

### Background

On September 28, 2009, Justin D. Guerriero filed the instant "Petition for Damages Based on Detrimental Reliance" against American National Property and Casualty Company ("ANPAC") in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana. Plaintiff contends that in 2001 ANPAC enticed him to leave his position as an agent with Farm Bureau Insurance Company with a promise that after five years plaintiff would own his own book of business. (Petition, ¶¶ 1-2). Consequently, plaintiff and ANPAC entered into an agreement on September 19, 2001. *Id*. at ¶ 3.

While still employed as an ANPAC agent in 2005, plaintiff began a part-time job managing workers at a local warehouse. *Id*. at ¶ 9. In March 2006, however, ANPAC sent

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

plaintiff a termination letter. *Id*. at ¶ 10. After discussing the matter with ANPAC, plaintiff received an "ultimatum that if he would quit his part-time job [ANPAC] would not terminate Plaintiff." *Id*. Relying upon this assurance, plaintiff quit his "very lucrative" part-time job where he was earning "$50,000.00 per year." *Id*. Nonetheless, approximately 10 months later, ANPAC permanently discharged plaintiff. *Id*.

Guerriero seeks to recover damages from ANPAC for his loss of opportunity and income from his $50,000 per year part-time job that he gave up, and an award for losses that he sustained when ANPAC lured Guerriero away from his position with Farm Bureau. *Id*. at ¶¶ 13-14.

On October 23, 2009, ANPAC removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. [doc. # 1]. On October 26, 2009, plaintiff filed the instant motion to remand the matter to state court on the basis that the court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000. In connection with his motion to remand, plaintiff submitted two affidavits and concurred in a stipulation filed by his attorney which confirm that plaintiff does not seek, and will not accept an award greater than $74,999.00 in state court. (Pl. M/Remand, Affidavit; Pl. Reply Brief, Exhs. C-D). ANPAC opposes remand. Briefing is now complete; the matter is before the court.

## Law and Analysis

"The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)). "In general, defendants may remove a civil action if a federal court would have had original jurisdiction." *Id.* (citing 28 U.S.C. § 1441(a)).

In this case, defendant asserts that federal jurisdiction exists on the basis of diversity jurisdiction, which, of course, requires complete diversity of citizenship and an amount in

controversy exceeding $75,000. 28 U.S.C. § 1332(a). Plaintiff does not contest that the parties are diverse;[2] he disputes the defendant's contention that the amount in controversy satisfies the jurisdictional minimum. The Fifth Circuit has

> established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1). Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.

*Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-883 (5th Cir. 2000) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (internal citation omitted).

"To satisfy the preponderance standard, the removing defendant may support federal jurisdiction either by establishing that it is 'facially apparent' that the claims probably exceed $75,000 or by establishing the facts in controversy in the removal petition or [summary judgment-type evidence] to show that the amount-in-controversy is met." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003); *accord St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998). "If a defendant is successful in proving that the amount in controversy exceeds the jurisdictional limit, the burden shifts to the plaintiff to show with legal certainty that he or she will not be able to recover more than $75,000." *Hummel v. State Farm Mut. Auto. Ins. Co.*, No. 04-1386, 2005 U.S. Dist. LEXIS 127, at *5 (E.D.La. Jan. 5, 2005) (citing *De Aguilar*, 47 F.3d at 1411-12).

"One such way for a plaintiff to satisfy the legal certainty test is to file a binding stipulation or affidavit with the *original* complaint." *Franco v. Teasdale*, 2006 WL 2224743, *1 (E.D. La. Aug. 1, 2006). However, because jurisdiction is determined at the time of removal, "post-removal affidavits may be considered only if the basis for jurisdiction is ambiguous at the

---

[2] Plaintiff is a citizen of Louisiana; ANPAC is a Missouri corporation, with its principal place of business in Missouri. (Notice of Removal, ¶¶ 6-12).

time of removal." *Gebbia*, 233 F.3d at 883 (citing *Asociacion Nacional de Pescadores a Pequena Escala o Artesanales (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559 (5th Cir. 1993). In other words, "if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount **do not deprive the district court of jurisdiction**." *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (U.S. 1938); *ANPAC*, 988 F.2d at 565) (emphasis added).

In this case, plaintiff seeks to recover damages associated with the loss of his $50,000 part-time job that he left in 2006. (Petition, ¶¶ 10, 13). By the time that plaintiff filed suit in September 2009, these claimed damages unequivocally exceeded $100,000 ($50,000 x 2+ years).[3] In addition, plaintiff also seeks to recover losses that he sustained when he left his prior position with Farm Bureau. (Petition, ¶ 14). Accordingly, it is facially apparent from plaintiff's petition that his claimed damages exceeded the jurisdictional threshold at the time of removal.[4]

---

[3] Plaintiff suggests that these claimed damages must be reduced or mitigated by income that he received from other jobs that he obtained during the relevant period. (Pl. Reply Memo., pg. 3). In fact, he now candidly admits that he subsequently earned more than he did at his part-time job. *Id*. Plaintiff's petition, however, does not so limit his damages. Furthermore, as ANPAC aptly points out, the Supreme Court has held that the courts must look to the amount being claimed by plaintiff ***without reference to any potential defenses that may exist as to those claims***. *See St. Paul Mercury Ind. Co. v. Red Cab Co.*, 303 U.S. 283, 292, 58 S. Ct. 586, 592 (1938) ("for the fact that it appears from the face of the complaint that a defendant has a valid defense, if asserted, to all or a portion of the claim, or the circumstance that the rulings of the district court after removal reduce the amount recoverable below the jurisdiction requirement, will not justify remand.")

[4] ANPAC also relies upon a June 23, 2009, e-mail from plaintiff's counsel to defense counsel wherein plaintiff's counsel recommended a damages sum of $350,000. (Notice of Removal, Exh. 14). In response, plaintiff has adduced a copy of an August 28, 2009, e-mail from plaintiff's counsel to defense counsel wherein he stated that although his client believed that "his claim is far more than [defendant] is willing to pay," plaintiff's counsel would "go all out" to make his client accept $45,000 if defense counsel obtained settlement authority for that amount. (Pl. Reply Memo., Exh. A). Rather than establishing that the amount in controversy was less than the jurisdictional

Because it is apparent from the face of the petition that the amount in controversy clearly and unambiguously exceeded the jurisdictional minimum at the time of removal, the court cannot rely upon plaintiff's post-removal affidavits and stipulations which attempt to reduce the amount in controversy below the jurisdictional threshold. *See Gebbia, supra*. In short, plaintiff has not shown to a legal certainty that he is unable to recover more than $75,000.

For the foregoing reasons, the court finds that defendant has established by a preponderance of evidence that the amount in controversy exceeded $75,000 at the time of removal. Thus, the court enjoys subject matter jurisdiction, via diversity. 28 U.S.C. § 1332. Accordingly,

The motion to remand [doc. # 4] filed by plaintiff is hereby **DENIED**.

**THUS DONE AND SIGNED** at Monroe, Louisiana, this 18th day of November 2009.

*[signature]*
KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

minimum, however, the August 28, 2009, e-mail clearly indicates that plaintiff himself believed that his claim well exceeded any amount that defendant was willing to offer to settle the matter. As the Fifth Circuit has observed, settlement offers for between $42,000 and $50,000 "do not necessarily or even persuasively suggest that [plaintiff]'s claims amount to no more than $75,000." *Pollet v. Sears Roebuck & Co.*, 46 Fed. Appx. 226, *1 n5 (5th Cir. July 18, 2002) (unpubl.). Accordingly, the foregoing e-mails provide an alternative basis for finding that the requisite amount in controversy is satisfied in this case.